UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Criminal Case No. 17-20032

Dupree Rich,                   Sean F. Cox
                                          United States District Court Judge

    Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Dupree Rich ("Defendant") was convicted of a drug offense and sentenced to 100 months of imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to one count of possession with intent to distribute cocaine. This Court sentenced him to a term of 100 months of imprisonment. Defendant began serving his sentence on May 31, 2018. His projected release date is April 28, 2025 – more than four years away. Defendant is currently housed at FCI Milan.

Defendant filed his Motion for Compassionate Release on July 26, 2020.  The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

Defendant Rich is forty-one years old.  The Government acknowledges that Defendant's current medical conditions include obesity, asthma, and inflammatory liver disease.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

**A.      The Parties' Arguments**

 Defendant's motion is grounded in the COVID-19 pandemic.  This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus and that he may be vulnerable to severe illness, if he were to contract it, because he has conditions that make him vulnerable to the more serious complications should he contract it, including obesity and asthma.

The Government opposes the motion, asserting that Defendant does not qualify for compassionate release.  Its arguments include that Defendant has only served less than half of his sentence, the Bureau of Prisons has responded to the pandemic by taking various measures to protect inmates and mitigate the risk of the virus within its facilities, and Defendant is ineligible because he is a danger to the community and consideration of the § 3553(a) factors weighs against his request.

**B.      Applicable Standards**

This Court recently explained the standards that apply to a motion for compassionate relief:

> Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
>
> U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Murphy's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).
>
> "In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

*United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

**C.      Relief Available**

Defendant's motion asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

3

As this Court explained in *Murphy*, "the compassionate-release statute allows the Court to craft a reduced sentence that, for all practical purposes, looks very much like ordering that [a defendant] be allowed to spend the remainder of his current sentence on home confinement. It just requires a few more steps:"

> Under 18 U.S.C. §3582(c)(1), the Court can reduce [a defendant's] current custodial sentence and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, the Court could reduce [a defendant's] current sentence to time served, then order [that defendant] to serve a time period equal to his undischarged prison term on supervised release and order that, as a condition of that release, he be confined to his home. *See, e.g., United States v. Hunt*, 2020 WL 239522 at *8 (E.D. Mich. May 12, 2020).

*United States v. Murphy*, supra, at *4.

But modifying a defendant's sentence in this way would still require a reduction of his current custodial sentence. *Id*. Thus, Defendant would still need to meet the conditions described above.

**D.      Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13**

As this Court explained in *Murphy*:

> The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id.* Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL 91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).

To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.

    > (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    > (ii) The defendant is

    >> (I) suffering from a serious physical or medical condition,

    >> (II) suffering from a serious functional or cognitive impairment, or

    >> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. (n.1) (2018).

*Murphy, supra*, at * 4-5.

Here, the Government concedes that Defendant has satisfied the first eligibility threshold for compassionate release during the pandemic, as his medical records establish that he has medical conditions that place him at increased risk of severe illness from COVID. (Govt.'s Br. at 20). But the Government contends Defendant remains ineligible for release, based on § 3553(a) factors, because he is a danger to the community.

E.     **18 U.S.C. § 3553(a) Factors**

The Court agrees with the Government that the 18 U.S.C. § 3553(a) sentencing factors do not favor release in this case. As detailed in the Government's brief, from a young age, Defendant has "repeatedly possessed and/or been involved in the delivery or manufacture of controlled substances, resisted, obstructed, assaulted, and/or fled from the police, and committed offense after offense while serving various sentences of probation and parole for other criminal offenses." (Govt.'s Br. at 23). Defendant was released on bond pending trial in this matter, but this Court revoked his bond as Defendant was arrested twice while on bond, for operating a motor vehicle while intoxicated (with a blood alcohol content that was more than three times the legal limit) and driving on a suspended license. (*See* ECF No. 41, Order Revoking Bond).

Moreover, Defendant still has more than half of his sentence remaining. Cutting his bottom-of-the-guidelines sentence to less than half of it would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

   **IT IS SO ORDERED.**

                                                   s/Sean F. Cox
                                                   Sean F. Cox
                                                   United States District Judge

Dated:  September 9, 2020