UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.                                                                    Criminal Case No. 17-20032

Dupree Rich,                                              Sean F. Cox
                                                                      United States District Court Judge
       Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO CORRECT PSIR

Defendant was convicted of one count of Possession with the Intent to Distribute

Cocaine, in violation of 21 U.S.C. § 841(a)(1) and was sentenced on May 31, 2018. He did not

file either a direct appeal or a motion to vacate his sentence under 28 U.S.C. § 2255.

The matter is currently before the Court on a motion seeking to correct an alleged error in

the presentence investigation report, pursuant to Fed. R. Crim. 36. The motion has been fully

briefed and the Court concludes that a hearing is not necessary. As explained below, the motion

shall be denied because the alleged error in the presentence report is not a "clerical error" that

can be corrected under Fed. R. Crim. P. 36.

## BACKGROUND

In this criminal action, Defendant Dupree Rich ("Rich") was charged with: 1) Possession

with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); and 2)

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count Two). Both charges

followed the execution of search warrant at Rich's home in Clinton Township, Michigan on

February 29, 2016.

Pursuant to a Rule 11 Plea Agreement (ECF No. 37), Rich pleaded guilty to Count I of

the Indictment, that charged Rich with Possession with Intent to Distribute Cocaine, in violation

of 21 U.S.C. § 841(a)(1). The Rule 11 Agreement provided the following factual basis:

> The following facts are a sufficient and accurate basis for defendant's
> guilty plea(s):
> On February 29, 2016, law enforcement executed a search warrant at
> Dupree Rich's residence. There, officers found baggies of cocaine on Rich's
> person, marijuana, a digital scale, cutting agents, and a firearm. Further, upon
> their entry law enforcement observed Rich throw over $1,000.00 in cash to the
> floor just before he barricaded himself inside a bathroom.
> For purposes of guideline calculations, Dupree Rich and the government
> stipulate that the offence involved 46.1 grams of cocaine. Defendant Rich further
> stipulates that his conduct occurred within the Eastern District of Michigan.

(*Id*. at 2). The Rule 11 Agreement provided that Rich's guideline range is 151-188 months of

imprisonment but capped the sentence to 151 month, the bottom of the guideline range. It

provided that the Government would dismiss Count Two. (*Id*. at 5).

Rich's sentencing took place on May 31, 2018. A transcript of the sentencing hearing

reflects that Defendant had no objections, additions, or corrections to the presentence

investigation report:

| | |
|---|---|
| THE COURT: | Okay. Mr. Machisic, have you had the opportunity to review the presentence report with your client? |
| MR. MACHISTIC: | I have, Your Honor. |
| THE COURT: | Do you have any objections, additions, corrections or deletions that you wish to bring to my attention? |
| MR. MACHISTIC: | We do not, Your Honor. |
| . . . . | |
| THE COURT: | Mr. Rich, have you reviewed the presentence report with your attorney? |

DEFENDANT RICH:          Yes, I did, Your Honor.

THE COURT:          And do you have any objections, additions, corrections or deletions that you wish to bring to my attention?

DEFENDANT RICH:          No, Your Honor.

(ECF No. 46 at 4-5).

Rich's guidelines were 151 to 188 months of imprisonment.  This Court granted a motion for downward variance and sentenced Rich to a term of imprisonment of 100 months.  (*See* 6/18/18 Judgment).

Rich did not file a direct appeal and the time provided for doing so has passed.  Rich has not filed a motion to vacate his judgment under 28 U.S.C. § 2255.

In July of 2020, Rich filed a Motion for Compassionate Release.  This Court denied that motion in an Opinion and Order issued on September 9, 2020.  (ECF No. 56).  Rich filed a Notice of Appeal, challenging that ruling (ECF No. 57) but that appeal was later dismissed by the Sixth Circuit on December 31, 2020.  (ECF No. 60).

On March 25, 2021, Rich's trial counsel, Ryan Machasic, filed a "Motion To Correct PSIR."  (ECF No. 61).  Rich contends that Paragraph 18 of the PSIR "incorrectly includes a two-point enhancement for possession of a firearm."  (*Id*. at PageID.792).   The motion notes that the alleged "error made no difference to the guidelines" and the Court imposed a below-guidelines sentence.  (*Id*. at PageID.797).  The motion asserts that the PSIR should be corrected.  Rich does not seek re-sentencing or any other relief.

The Government filed a brief in opposition to the motion (ECF No. 62) and Rich filed a reply brief.  (ECF No. 63).  Thus, the motion has been fully briefed.

**ANALYSIS**

Rich's motion asserts that Paragraph 18 of the presentence investigation report ("PSIR") "incorrectly includes a two-point enhancement for possession of a firearm." (*Id.* at PageID.792). Rich's motion asks this Court to amend or correct the PSIR under Federal Rule of Criminal Procedure 36. Rich has not asked to be re-sentenced or requested any other relief.

The Government opposes the motion, directing the Court to *United States v. Robinson*, 368 F.3d 653 (6th Cir. 2004), and asserting that the alleged errors of which Rich complains are not clerical errors that are encompassed under Rule 36.

This Court agrees with the Government that Rich's motion is not cognizable under Fed. R. Crim. P. 36 because the alleged error of which he complains is not a "clerical error" that can be corrected under Rule 36.

Rule 36 of the Federal Rules of Criminal Procedure is titled "Clerical Error," and provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has explained that:

> Although the federal rules do not define what constitutes a clerical error, this court has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000) (unpublished) (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir.1996)). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice & Procedure* § 611 (3d ed. 2004) ("It is only a clerical error that may be corrected at any time under [Rule 36]. An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule.")

*United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004). That same view is followed by the

other circuits.  *See, e.g.  United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (explaining

it is "clearly understood" that Rule 36 only addresses "mindless and mechanistic mistakes.")

Several courts, including the Fifth Circuit, have concluded that a PSIR is a "part of the

record," for purposes of Rule 36.  *See, e.g., United States v. Mackay*, 757 F.3d 195, 200 (5th Cir.

2014).  Others have assumed without deciding that a PSIR is potentially reachable under Rule

36.  *See, e.g.*, *United States v. Ratliff*, 735 F. App'x 702, 703-04 (11th Cir. 2018); *United States*

*v. Gianfortuna*, 2014 WL 4594820 (E.D. Mich. 2014).

In *Ratliff,* the Eleventh Circuit handled a similar motion wherein a defendant asked a

district court to correct a PSIR under Fed. R. Crim. P. 36.  *Ratliff*, 735 F. App'x at 703-04.  It

assumed without deciding that a PSIR is part of the record for purposes of Rule 36 but concluded

the alleged error was not a clerical error that could be corrected under Rule 36:

> We disagree with Ratliff that his PSI contains a clerical error appropriate for
> resolution under Rule 36. First, assuming Rule 36 can be used to correct an error
> in the PSI, *see United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014)
> (explaining that a PSI "is a 'part of the record' within the meaning of Rule 36"), it
> is unclear whether Ratliff has identified an error. He argues that his PSI
> incorrectly states that he was convicted of possession with intent to sell cocaine.
> Relying upon a Florida state court judgment, which he attached to his motion,
> Ratliff argues he was convicted only of simple possession. Based on its case
> number, however, the state court judgment refers to a conviction for possession of
> a controlled substance without a prescription. The PSI separately refers to a
> Florida conviction for possession with intent to sell cocaine, and nothing in the
> record suggests that there was no such conviction.
>
> Second, even if Ratliff had identified an error concerning his prior convictions in
> the PSI, such an error cannot properly be deemed clerical. Although Ratliff argues
> that he does not seek to alter his sentence through correction of the error in his
> PSI, editing a defendant's criminal history as set forth in the PSI could impact his
> status as a career offender, the calculation of criminal history points, or the length
> of his sentence. *See United States v. Whittington*, 918 F.2d 149, 151 (11th Cir.
> 1990) (holding that Rule 36 could not be used to "fundamentally change[ ] the
> sentence [the] appellant had earlier received"). Such an error is not "minor" or
> "uncontroversial" and thus may not be properly resolved in a Rule 36 motion. *See*

*Portillo*, 363 F.3d at 1164 (internal quotation marks omitted).

*Id.*

In *Gianfortuna,* the criminal defendant asked the district court to correct alleged errors in a PSIR, several years after he was sentenced, under Fed. R. Crim. P. 36.  The Honorable Thomas Luddington denied the motion because the alleged errors were not clerical errors encompassed by Rule 36.  *Gianfortuna, supra*, at * 1-2.

Here too, the alleged error in the PSIR that Rich complains of is simply not a clerical error that can be corrected under Fed. R. Crim. P. 36.

## CONCLUSION & ORDER

Accordingly, for the reasons set forth above, the Court ORDERS that Defendant's motion is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 13, 2021