UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal Case No. 17-20032

DUPREE RICH,                   Sean F. Cox
                                                    United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER DENYING
## DEFENDANT'S SECOND MOTION UNDER 18 U.S.C. § 3582

In this criminal action, Defendant Dupree Rich ("Defendant") was convicted of a drug offense and sentenced to 100 months of imprisonment. The matter is before the Court on Defendant's now second motion seeking release or reduction under 18 U.S.C. § 3582, which is based in part upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal case, Defendant pleaded guilty to one count of possession with intent to distribute cocaine. This Court sentenced him to a term of 100 months of imprisonment. Defendant began serving his sentence on May 31, 2018.

Defendant filed his first Motion for Compassionate Release on July 26, 2020. The Government acknowledged that Defendant exhausted his administrative remedies but opposed the motion on the merits. This Court denied the motion in an Opinion and Order issued on September 9, 2020. (ECF No. 56). Among other things, this Court denied the motion because it

concluded that a consideration of the 18 U.S.C. § 3553(a) factors does not warrant release or reduction, explaining:

> The Court agrees with the Government that the 18 U.S.C. § 3553(a) sentencing factors do not favor release in this case. As detailed in the Government's brief, from a young age, Defendant has "repeatedly possessed and/or been involved in the delivery or manufacture of controlled substances, resisted, obstructed, assaulted, and/or fled from the police, and committed offense after offense while serving various sentences of probation and parole for other criminal offenses." (Govt.'s Br. at 23). Defendant was released on bond pending trial in this matter, but this Court revoked his bond as Defendant was arrested twice while on bond, for operating a motor vehicle while intoxicated (with a blood alcohol content that was more than three times the legal limit) and driving on a suspended license. (*See* ECF No. 41, Order Revoking Bond).
> Moreover, Defendant still has more than half of his sentence remaining. Cutting his bottom-of-the-guidelines sentence to less than half of it would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.

(*Id*. at 5-6).

Defendant filed a Notice of Appeal, to appeal this Court's denial of his Motion for Compassionate Release. (ECF No. 57). That appeal, however, was dismissed by the appellate court for want of prosecution on December 31, 2020. (*See* ECF No. 60).

On August 4, 2022, Defendant filed another Motion under 18 U.S.C. § 3582. (ECF No. 68). In it, Defendant asserts that the following constitute extraordinary and compelling circumstances that warrant release or a reduction in his sentence: 1) the Bureau of Prisons having deemed him ineligible for a 12-month reduction even though he completed a residential drug abuse program; 2) prison restrictions during the COVID pandemic; 3) his medical conditions; and 4) his family circumstances.

The Government opposes the motion on the merits. (*See* ECF No. 71). As it relates to Defendant's pandemic and health concerns, the Government notes that Defendant has been

offered the COVID vaccine but has declined it.

Defendant Rich is now 43 years old. His projected release date is April 28, 2025. The Government acknowledges that Defendant's current medical conditions include obesity and asthma.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant once again argues that his request for release or reduction should be granted because the ongoing pandemic, combined with his medical conditions, constitutes an extraordinary and compelling circumstance warranting his release. As explained *supra*, Defendant also makes a variety of other arguments in attempting to show that extraordinary and compelling reasons exist to justify a release or reduction. This Court has carefully considered all

of those arguments and concludes that, *even when considered collectively,* Defendant has not established that extraordinary and compelling circumstances warrant his release or a reduction in his sentence.

This Court also continues to believe that consideration of the § 3553(a) factors weighs against granting relief in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

As this Court previously explained, from a young age, Defendant has repeatedly possessed and/or been involved in the delivery or manufacture of controlled substances, resisted, obstructed, assaulted, and/or fled from the police, and committed offense after offense while serving various sentences of probation and parole for other criminal offenses. Defendant was released on bond pending trial in this matter, but this Court revoked his bond as Defendant was arrested twice while on bond, for operating a motor vehicle while intoxicated (with a blood alcohol content that was more than three times the legal limit) and driving on a suspended license. (*See* ECF No. 41, Order Revoking Bond).

Moreover, Defendant still has more than two years of his sentence remaining. Cutting his bottom-of-the-guidelines sentence any further would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

                                                                       s/Sean F. Cox
                                                                       Sean F. Cox
                                                                       United States District Judge

Dated: October 3, 2022